**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

TYCHO ROBERTSON,

Plaintiff,

v.

FORMATION NATION, *et al.*,

Defendants.

Case No. 3:25-CV-00474-CLB

**ORDER**

[ECF No. 48]

On August 14, 2026, Plaintiff Tycho Robertson ("Robertson") filed a motion regarding discovery dispute concerning Defendants' subpoena issued to Braun Psychological Services ("Braun"). (ECF No. 48.)

## I. LEGAL STANDARD

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). "The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg. Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). Parties are entitled to discover non-privileged information that is relevant to a party's claim or defense and is proportional to the needs of the case, including consideration of the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1); *see also ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 530 (N.D. Cal. 2015) (the scope of third-party discovery is subject to the same limitations).

Rule 45 governs the issuance of subpoenas requiring non-parties to produce designated documents. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii). A court must grant a timely motion to quash or modify a subpoena that fails to allow reasonable time to comply,

requires a person to comply beyond the geographical limits, requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to undue burden. *See* Fed. R. Civ. P. 45(d)(3)(A). The movant seeking to quash a subpoena bears the burden of persuasion. *Green v. Baca*, 226 F.R.D. 624, 653 (C.D. Cal. 2005). Whether a subpoena is unduly burdensome depends on the facts of each specific case. *Id*. Additionally, "courts have incorporated relevance as a factor when determining motions to quash a subpoena, particularly when considering whether there is an undue burden." *Bird v. PSC Holdings I, LLC*, 2013 WL 12108107, at *1 (S. D. Cal. Nov. 20, 2013) (internal quotations and citation omitted).

Additionally, a party from whom discovery is sought may move for a protective order to prevent annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). The party seeking issuance of a protective order bears the burden of persuasion. *U.S. E.E.O.C. v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006) (citing *Cipollone v. Liggett Grp.*, 784 F.2d 1108, 1121 (3d Cir. 1986)). Such a burden is carried by demonstrating a particular need for protection supported by specific facts. *Id.* To that end, courts "insist[] on a particular and specific demonstration of fact, as distinguished from conclusory statements," to issue a protective order. *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, are insufficient. *Caesars Entertainment*, 237 F.R.D. at 432. A showing that discovery may involve some inconvenience or expense is likewise insufficient to obtain a protective order. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).

District courts possess "wide discretion to determine what constitutes a showing of good cause and to fashion a protective order that provides the appropriate degree of protection." *Swenson v. GEICO Cas. Co.*, 336 F.R.D. 206, 209 (D. Nev. Aug. 19, 2020) (quoting *Grano v. Sodexo Mgmt., Inc.*, 335 F.R.D. 411, 414 (S.D. Cal. Apr. 24, 2020)). Where grounds for a protective order have been established, courts have a variety of

options to rectify the situation, including preventing the discovery or specifying the terms on which the discovery will be conducted. Fed. R. Civ. P. 26(c)(1)(A), (B).

## II. DISCUSSION

Here, the motion regarding discovery dispute concerns the scope of the subpoena Defendants issued to Braun. The subpoena seeks evaluation, intake materials, questionnaires, examination notes, diagnoses, treatment records, attendance, and accommodation materials from Braun's treatment of Robertson from March 1, 2021, through the present. (ECF No. 50 at 4, ECF No. 52 at 4.) In his motion, Robertson proposes the following: (1) stay production of documents pursuant to the subpoena, (2) modify the supboeona to include only non-privileged information, (3) require Braun to identify material subject to psychotherapist-privilege, (4) permit privileged materials to be seen by qualified experts only, and (5) entry of an order concerning use of these documents under the Health Insurance Portability and Accountability Act ("HIPAA"). (ECF No. 48 at 4.) As such, Robertson's motion regarding discovery dispute is essentially moving for either modification of the subpoena or entry of a protective order concerning the subpoena.

Defendants represent that they "do not oppose reasonable, mutual safeguards for genuinely privileged material or protected health information that has not been waived, but oppose any blanket stay of service, enforcement, or production, categorical exclusions, unilateral first review, or delay that create asymmetric access to discoverable evidence." (ECF No. 52 at 2.) Defendants then propose that "[i]f Braun identifies specific proprietary test instruments or testing modalities requiring restricted access, Braun shall provide a declaration substantiating the need. Upon that particularized showing, access to those instruments or modalities shall be limited to the parties' respective qualified experts, with materials produced simultaneously to both sides' experts." (*Id.* at 6.) Furthermore, Defendants propose to "provide Plaintiff, through a supplement to their Disclosures, copies of all records received from Braun within five (5) business days of after defense counsel's receipt." (*Id.* at 6.)

Robertson's complaint was allowed to proceed on a claim for retaliation under the Americans with Disabilities Act ("ADA"), intentional infliction of emotional distress ("IIED"), failure to accommodate under the ADA, and retaliation and disability discrimination under NRS 613.330 and 613.340. (ECF No. 8 at 14.) To succeed on an IIED claim, a plaintiff must demonstrate that he or she actually suffered extreme or severe emotional distress, and that the emotional distress resulted in physical symptoms. *Blige v. Terry*, 139 Nev. 607, 618, 540 P.3d 421, 432 (Nev. 2023) (quoting *Miller v. Jones*, 114 Nev. 1291, 1299-1300, 970 P.2d 571, 577 (Nev. 1998)); *Evans v. Hawes*, 718 F. Supp. 3d 1351, 1373 (D. Nev. 2024) (quoting *Chowdhry v. NLVH Inc.*, 109 Nev. 478, 851 P.2d 459, 482 (1993)). The Court allowed Robertson to proceed on his IIED claim based in part on his allegations that he "suffered from severe emotional distress, including 'paranoia, anxiety, insomnia, depression, and increased need for therapeutic intervention. . . .' (ECF No. 8 at 10 (citing ECF No. 2-1 at 14-15, 26).) Robertson also acknowledges in his motion that his "disability, accommodation request, treatment, and claimed emotional distress make targeted Braun records relevant." (ECF No. 48 at 2.) Thus, it is clear that the subpoena seeks documents which are relevant and proportional to Robertson's IIED claim. Fed. R. Civ. P. 26(b)(1); *see also ATS Prods.,* 309 F.R.D. at 530.

However, the Court does find that the protocol proposed by Defendants is warranted given the sensitive nature of the documents sought by the Braun subpoena. Thus, Robertson's motion regarding discovery dispute is denied except to the extent that Defendants have agreed to limitations of the subpoena which are adopted below. Braun shall respond to Defendants' subpoena subject to the limitations identified below.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Robertson's motion regarding discovery dispute, (ECF No. 48), is **DENIED** except as it relates to the limitations of the subpoena which are adopted below.

**IT IS FURTHER ORDERED t**hat Braun shall produce all responsive, non-

privileged or waived-privileged records within the scope of Defendants' subpoena on or before **September 11, 2026**, subject to the following limitations:

- If Braun identifies specific proprietary test instruments or testing modalities requiring restricted access, Braun shall provide a declaration substantiating the need. Upon that particularized showing, access to those instruments or modalities shall be limited to the parties' respective qualified experts, with materials produced simultaneously to both sides' experts.
- Defendants will provide Robertson, through a supplement to their Disclosures, copies of all records received from Braun within five (5) business days of after defense counsel's receipt.

**IT IS SO ORDERED**.

**DATED**: September 8, 2026.

**UNITED STATES MAGISTRATE JUDGE**